UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Servando Lopez Munoz,  #4307, | C/A No. 3:10-1899-HFF-JRM |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Providence Hospitle;<br>Columbia Regional Care Center, | |
| Defendants. | |

### *Background of this Case*

The plaintiff is a detainee at the Columbia Regional Center in Columbia, South Carolina. The plaintiff has brought suit pursuant to 42 U.S.C. § 1983 against Providence Hospital (in Columbia, South Carolina) and the Columbia Regional Care Center for "medical mal-practice" arising out of a thyroid operation. The operation took place on April 15, 2010, at Providence Hospital.

The Columbia Regional Care Center, also known as the Columbia Care Center, often houses federal detainees. *See, e.g.*, *Hashi v. Chertoff*, No. 07cv1789 WQH (JMA), 2007 U.S. Dist. LEXIS 76730, 2007 WL 3034664 (S.D. Cal., Oct. 16, 2007) ("Petitioner contends that Respondents intend to imminently transfer him from CCA, where he is currently detained, to Columbia Care, a psychiatric facility in South Carolina."). The Columbia Regional Care Center is operated by GEO

1

Care, Inc. *See* landing page at www.geocareinc.com/justcareinc.asp (last visited on July 29, 2010) ("The Columbia Regional Care Center (CRCC), in Columbia, South Carolina, is the only private detention health care facility in the United States. Accredited by the National Commission on Correctional Healthcare (NCCHC), CRCC is a 374-bed facility offering sub-acute, skilled, intermediate and hospice care for conditions such as AIDS, cancer, cardiac disease, and kidney dialysis, mental health, and special needs programs for detainees.").

*Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The plaintiff's medical care claims in this case are subject to summary dismissal. With respect to medical care, a prisoner in a § 1983 case or *Bivens* action "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken. The Supreme Court in *Estelle v. Gamble* pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle v. Gamble*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986) (a state's

responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities).

The decision of the Supreme Court of the United States in *Farmer v. Brennan*, 511 U.S. 825 (1994), which was a *Bivens* action, does not require that process be issued in the above-captioned case because the allegations in the complaint concern negligence or medical malpractice. Negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983 or the *Bivens* doctrine.[3] *Estelle v. Gamble*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); and *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels v. Williams*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). Secondly, the *Bivens* doctrine and 42 U.S.C. § 1983 do not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago*

---

[3]In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980) (restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-42 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D. Ala. 2001) (noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*).

4

*County Department of Social Services*, 489 U.S. 189, 200-203 (1989). Similarly, medical malpractice is not actionable under 42 U.S.C. § 1983 or under the *Bivens* doctrine. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). *See also Dalton v. City of Wilmington*, Civ. No. 08-581-SLR, 2008 U.S. Dist. LEXIS 83812, 2008 WL 4642935 (D. Del., Oct. 20, 2008) ("The negligence claim is not cognizable under § 1983 and, therefore, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).");[4] and *Robbins v. Sweeney*, No. 94-1789 and No. 94-2206, 1994 U.S.Dist. LEXIS 15874, *11, 1994 WL 618488, *2 (E.D. Pa., Nov. 2, 1994) ("Mere allegations of negligent medical malpractice do not present a constitutional violation.").

In the case at bar, the plaintiff's allegations reveal that, after the morning surgery, the plaintiff began swelling. The plaintiff indicates that the swelling resulted from a "cut" blood vessel. Hence, it was necessary to perform a second surgery to "clean out" the blood that had spread throughout the plaintiff's neck. During this "clean out" of the plaintiff's neck, the operating surgeon "touch[ed]" the plaintiff's vocal cords. The plaintiff states that he was told that he (the plaintiff) would be able to speak in approximately two and one half months. As of the signing date of the complaint (July 18, 2010), the plaintiff's voice is not "back to normal[.]"

Not all medical procedures are undertaken without incident. *See Luckett v. Heidorn*, No. 09-C-1031, 2010 WL 2925905 (E.D. Wis., July 22, 2010), which cites *Luckett v. Huibregtse*, No.

---

[4]There is a discrepancy between the LEXIS and WESTLAW services as to the date of the decision in *Dalton v. City of Wilmington*. The WESTLAW services lists the date as October 20, 2008, while the LEXIS service indicates that the date is October 18, 2008. This discrepancy results from the fact that the WESTLAW service uses the "ENTERED" date and the LEXIS service uses the "FILED" date.

08-CV-449-SLC, 2008 U.S. Dist. LEXIS 88979, 2008 WL 4809461, *2-*4 (W.D. Wis., Oct. 29, 2008). In *Luckett v. Huibregtse*, the district court noted:

> Even if petitioner had alleged facts suggesting his sore and swollen throat was a serious medical need, "the infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth v. Franzen*, 780 F.2d 645, 652-53 (7th Cir.1985). "Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir.1997). Inadvertent error, negligence, gross negligence and ordinary malpractice are not cruel and unusual punishment within the meaning of the Eighth Amendment. *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir.1996); *Snipes*, 95 F.3d at 590-91. Thus, neither incorrect diagnosis nor improper treatment resulting from negligence states an Eighth Amendment claim. *Gutierrez*, 111 F.3d at 1374. Instead, "deliberate indifference may be inferred [from] a medical professional's erroneous treatment decision only when the medical professional's decision is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible did not base the decision on such a judgment." *Estate of Cole v. Fromm*, 94 F.3d 254, 261-62 (7th Cir.1996). Mere differences of opinion regarding a patient's appropriate treatment do not show deliberate indifference. *Id.*; *Snipes*, 95 F.3d at 591 (decision "whether one course of treatment is preferable to another [is] beyond the [Eighth] Amendment's purview").

*Luckett v. Huibregtse*, 2008 WL 4809461 at *3.

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after

docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

August 2, 2010
Columbia, South Carolina

Joseph R. McCrorey
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
901 Richland Street
Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).